## No. 4940.

MRS. ANN ELIZA RAINEY, wife of JAMES H. MASSEY, v. FANNY ASHER and Sheriff HARPER.

Plaintiff borrowed money to pay two notes which were secured by mortgage upon the property she claims as her own, and to prevent the sale of which she injoins the sheriff, and the two notes were paid with the proceeds of this loan. It is not, therefore, true, as she alleges, that the money was borrowed and used for the benefit of her husband. This is established by the testimony of the notary who drew the act of mortgage and of the broker through whom the money was borrowed. It was a fact necessary to be established. The objection to this evidence was properly overruled.

The acts of mortgage under which plaintiff borrowed the money upon the note, the collection of which she has injoined, and which show her antecedent indebtedness, relate that she had been specially authorized to borrow the money by the judge of the Third District Court of the parish of Orleans. Her objection to the introduction of these acts was not well founded. They were signed by her and were, therefore, her own acts and declarations. Admitting that they could be disproved by parol, the burden of doing so rested upon her.

The objection that the judge of the Third District Court of the parish of Orleans, where she resides, had no power to authorize her to make the loan, is without solid foundation.

The judge of the Third District Court is as much a district judge as any other district judge in the parish. The law says that a married woman who desires to borrow money and to mortgage her own property to secure the same, must be authorized so to do by the judge of the district or parish in which she resides. As the judge of the Third District Court, although having a limited jurisdiction for the convenience of business, is a district judge for the parish of Orleans, it follows that plaintiff was authorized by the judge of her district in the sense of the law.

APPEAL from the Fourth District Court, parish of Orleans. *Lynch*, J. *Semmes & Mott*, for plaintiff and appellant. *Roselius & Philips*, for defendants and appellees.

MORGAN, J. The defendant, holder and owner of an overdue promissory note, secured by mortgage, drawn by the plaintiff for $2250, obtained an order of seizure and sale thereon.

Plaintiff, alleging that she is the owner of the property under seizure, and alleging that on the twenty-third of June, 1871, through the improper influences of her husband, who constantly urged her thereto,

Mrs. Ann Eliza Rainey, wife of Massey, v. Fanny Asher and Sheriff Harper.

she granted the mortgage under which her property was seized; and alleging further that the note in question was negotiated by her husband, and that the proceeds were used by him; and alleging that the mortgage, the note, and the money, were all for the benefit of her husband, and that they were obtained from her by unlawful means; alleging that she was not examined and authorized, as by law required by section 3982 of the Revised Statutes, by the judge of the district or parish where she resides, separate and apart from her husband touching the object for which the money was borrowed; alleging that the judge of the Third District Court who gave the certificate annexed to the act of mortgage had no authority or jurisdiction to examine her or to grant such certificate, the Third District Court for the parish of Orleans not being a court of general jurisdiction, but of limited jurisdiction, confined to appeals from justices of the peace, obtained an injunction prohibiting the defendant and the sheriff from proceeding with her execution. In these proceedings she is joined and assisted by her husband.

The evidence in the record satisfies us that her allegations with regard to improper influence on the part of her husband by which she was induced to create the debt and that the money which she borrowed was used by him for his benefit, are not true.

She borrowed the money to pay two other notes which were secured by mortgage upon the property in question, and the notes were paid with the proceeds of this loan. This is established by the testimony of Guyol, the notary who drew up the act of mortgage, and by Cammack, the broker through whom the money was borrowed. The testimony of these witnesses was objected to by the plaintiff, but we think the court properly received it. It was a fact necessary to be established, and could, we think, be established by any witness who knew them. The allegation that before borrowing the money, the return of which is now about to be exacted from her, she was not examined by and authorized so to do, by the judge of the district or parish where she resides, separate and apart from her husband touching the object for which the money was borrowed, is not established. This is a fact which it was in her power to prove, and she introduced no evidence to establish it. The acts of mortgage under which she borrowed the money upon the note, the collection of which she has injoined and which show her antecedent indebtedness, relate that she had been specially authorized to borrow the money by the judge of the Third District Court of the parish of Orleans. Plaintiff objected to their introduction. We think they were properly received. They were signed by her and were, therefore, her own acts and declarations. Admitting that they could be disproved by parol, the burden of doing so rested upon her.

Her last objection that the Third District Court for the parish of Orleans not being a court of general jurisdiction, but of limited jurisdiction, confined to appeals from justices of the peace, and, therefore, the matter here involved exceeding the jurisdiction of that court, the judge thereof had no power to authorize her to make the loan, is, we think, without a solid foundation. The judicial district of the parish of Orleans is divided into several district courts. For the proper dispatch of business certain of these courts are given exclusive jurisdiction, but the judge of the Third District Court is as much a district judge as is any other district judge in the parish. The law says that a married woman who desires to borrow money and to mortgage her own property to secure the same, must be authorized so to do by the judge of the district or parish in which she resides. As the judge of the Third District Court is a district judge for the parish of Orleans, and as the plaintiff is a resident of the parish of Orleans, and as she was authorized by that judge, it follows, we think, that she was authorized by the judge of her district in the sense of the law.

The judgment of the lower court was against her.

Judgment affirmed.